The Honorable H.G. Foster Prosecuting Attorney P.O. Box 1105 Conway, AR 72032
Dear Mr. Foster:
This is in response to Deputy Prosecuting Attorney John C. Aldworth's request for an opinion on the following question:
 Are the monies that have been received by the City of Clinton from the Arkansas Development Finance Authority a revenue of the water and sewer department, to be deposited into a fund for this utility, or may the money be deposited in the city's general fund for any proper public purpose?
Mr. Aldworth has set forth the following facts in this regard:
 The Arkansas Development Finance Authority Community Development Note Program was first started by the Arkansas Development Finance Authority (ADFA) in 1985. The provisions of the ADFA's Note Indenture which established this program provided that, upon the payment in full of all amounts owed by the ADFA, each public entity participating in this program would receive its pro rata share of certain remaining monies held in funds and accounts under the Note Indenture. The City of Clinton, Arkansas, participated in this program and was listed as the debtor on the Certificates of Indebtedness. While participating in this program, the city paid to the ADFA approximately $45,000 in interest on Interim Certificates of Indebtedness issued by the city, which certificates were secured by a pledge of the revenues from the city's water and sewer system. The City of Clinton, Arkansas, has received approximately $145,000 from the Arkansas Development Finance Authority as its share of residual monies available under the Arkansas Development Finance Authority Community Development Note Program.
A review of the Arkansas Development Finance Authority (ADFA) Note Indenture, which was issued under ADFA's Community Development Note Program, provides for the payment of certain residual monies to each "Public Entity" participating in the program.[1]. It also appears that the Community Development Note Program, under which these monies were generated, places no requirements or limitations on the public entities' use of the residual funds. Nor does a review of state law yield any specific limitations in this regard. We have found no legislative enactments or case law authority addressing the application of funds generated under this program.
We should also note finally, that although it is a policy and practice of the Farmers Home Administration (FmHA) that these residual moneys remain in the water and sewer department accounts, this policy is apparently no binding in terms of its having been embodied in any agreements between the city and FmHA, or in federal law.[2] We should point out, however, that a departure from such policies or practices may impact the City's participation or involvement in other FmHA-related endeavors. Questions or concerns in this regard should be directed to counsel to whom the City ordinarily looks for advice.
It is therefore my opinion, based upon the information which we have been able to gather in connection with this Community Development Note Program, that the City is not, as a general matter, limited in its use of monies generated under the program. Prudence dictates that any interest paid to ADFA under the program be refunded to the utility, to the extent these payments were made with system revenues. Remaining amounts may, however, be deposited into the city's general fund for any proper public purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] These monies are comprised of amounts remaining in certain accounts established by ADFA under the Note Indenture, after payment of the principal amount of and accrued interest on the notes.
[2] This information was derived from discussions with FmHA regional counsel. We have not been provided with any documentation in this regard. Requests for further clarification of this policy should be directed to the FmHA district office or counsel.